# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| SHAUN LEE THOMAS, | : | MOTION TO VACATE |
|     Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:12-cv-3676-TCB-GGB |
| UNITED STATES OF AMERICA, | : | |
|     Respondent. | : | CRIMINAL NO: |
| | : | 1:09-cv-105-TCB-GGB |

## ORDER

This matter is before the Court on the Final Report and Recommendation issued by United States Magistrate Judge Gerrilyn G. Brill [157], and Movant Shaun Lee Thomas's objections [159] to the R&R. Magistrate Judge Brill recommends that Thomas's § 2255 motion to vacate [150] be denied.

In reviewing a Magistrate Judge's R&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536,

1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72, advisory committee note, 1983 Addition, Subdivision (b); *see Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Thomas was convicted after a jury trial of three counts of sexual abuse of a child under twelve years old, in violation of 18 U.S.C. § 2241(c). Federal jurisdiction attached because he committed his crimes within the special maritime and territorial jurisdiction of the United States. *Id.*; *see* 18 U.S.C. § 7 (defining special maritime and territorial jurisdiction).

In his § 2255 motion, Thomas first argues that federal jurisdiction was improper because the Government failed to prove that either Thomas or his victim was a United States national, as required for special maritime and territorial jurisdiction. Magistrate Judge Brill found this argument was both procedurally defaulted and without merit. Thomas objects.

This argument is procedurally defaulted because Thomas failed to raise it at trial or on appeal. He contends that the procedural default rule should not apply

because a conviction without jurisdiction would create a fundamental miscarriage of justice. Magistrate Judge Brill found that none of the exceptions to the procedural default rule apply. Magistrate Judge Brill went on to find that even if Thomas's claim were not procedurally defaulted, it is without merit because the record contains the victim's birth certificate, which establishes that she was born in the state of Virginia. Thomas has not shown how he meets the "actual innocence" exception to the procedural default rule or how Magistrate Judge Brill's finding on the merits of the claim is incorrect. The Court agrees with Magistrate Judge Brill and finds that Thomas's claim is procedurally defaulted and that it is alternatively without merit. Thomas's objection is overruled.

In his § 2255 motion, Thomas next argues that the jury instruction was faulty because it omitted the jurisdictional elements of 18 U.S.C. § 7. Magistrate Judge Brill again found Thomas's argument was both procedurally barred and without substantive merit. Thomas objects.

Thomas made this same argument on direct appeal to the Eleventh Circuit. There he claimed that the jury was not properly instructed as to the jurisdictional elements of 18 U.S.C. § 7 and that the Government failed to present sufficient evidence that the offense occurred during "a voyage" as required by § 7. [155-1 at 39]. The Eleventh Circuit rejected his argument. Thomas raised this claim again

in his § 2255 motion, arguing that the district court erred in its jury instruction by omitting the jurisdictional elements of 18 U.S.C. § 7, which in effect authorized the jury to convict him without sufficient evidence of federal jurisdiction. Magistrate Judge Brill found that because the claim was presented and rejected on direct appeal, it could not be relitigated in this § 2255 motion. "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated on collateral attack under section 2255." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (citation omitted).

Even if the argument were not procedurally barred, Magistrate Judge Brill found that it fails on the merits, and the Court agrees. The Eleventh Circuit has held that in cases charging violations of 18 U.S.C. § 2241(c), "[w]hether the crime alleged occurred at a particular location is a question of fact [and] [w]hether the location is within the special maritime and territorial jurisdiction of the United States . . . is a question of law." Judicial Council of the Eleventh Circuit, Pattern Jury Instructions (Criminal Cases), Offense Instruction 79.3, at 453 (2010); *see also Krull v. United States*, 240 F.2d 122, 130 (5th Cir. 1957) ("[I]f . . . the place where the offense was committed was sufficiently described, the court will take judicial notice of facts which vest the United States with jurisdiction . . . ."). The jury instruction could not be faulty for failing to leave the jurisdictional question

to the jury because the question is one of law. Thomas's claim that the district court erred in its instructions on the jurisdictional element of the offense is without merit, and his objection is overruled.

In his § 2255 motion, Thomas finally argues his trial counsel was ineffective for two reasons. First, Thomas argues that his trial counsel failed to object to testimony about the victim's credibility that was offered by his own witness, Karen Delano. Second, Thomas argues that his trial counsel failed to offer the testimony of two of his family members. Magistrate Judge Brill found no merit in either argument. Thomas objects.

First, Thomas objects to Magistrate Judge Brill's finding that his counsel "apparently had a strategic reason for his failure to object to Delano's testimony about [the victim's] credibility." [157 at 14]. Thomas contends his trial counsel had no strategic reason to fail to object to this testimony. But Thomas does not address the strategic reason identified by Magistrate Judge Brill: Thomas's counsel argued in his closing argument that details of the victim's actions created doubt about her credibility. Those details were brought out in Delano's testimony. Indeed, the Eleventh Circuit stated that "it appears that Thomas may have failed to object to Delano's testimony for strategic reasons." *United States v. Thomas*, 443 F. App'x 501, 503 (11th Cir. 2011). Thomas's objection is overruled.

Second, Thomas objects to Magistrate Judge Brill's finding that "[i]t was a reasonable strategy not to call [Thomas's family members] as witnesses at trial." Thomas provides no support for this objection. Magistrate Judge Brill found that the testimony of Thomas's family members would have added little or nothing to the defense because their testimony was irrelevant considering the surrounding facts and other relevant evidence. Thomas's objection is overruled.

The Court has conducted a careful, *de novo* review of the R&R and Thomas's objections. The Court finds that Magistrate Judge Brill's factual and legal conclusions are correct and that Thomas's objections are meritless. They are overruled.

The Court ADOPTS AS ITS ORDER the Report and Recommendation [157]. Thomas's § 2255 motion to vacate sentence [150] is DENIED. A certificate of appealability is DENIED. The Clerk is DIRECTED to close this case.

IT IS SO ORDERED this 10th day of October, 2013.

_____
TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE